**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK S. ROSEMAN,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 14-6520** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

**MCHUGH, J.**                                                                                          **JUNE 25, 2015**

## MEMORANDUM

### I.        Background

For the last several years, Plaintiff Mark S. Roseman has been contesting the Internal

Revenue Service's assessment of penalties for the nonpayment of certain taxes in 2003 and 2004.

Seeking to eliminate or reduce the assessed penalties, Plaintiff brought suit in the Court of

Federal Claims in 2009.  The Court of Federal Claims action settled with an agreement the IRS

would eliminate the penalties for 2003 only.  Plaintiff then sought to further reduce his liability

by sending the IRS an Offer in Compromise, proposing to pay $1000 to settle the 2004 liability.

The IRS rejected the offer.  Plaintiff appealed the rejection, and the IRS rejected the appeal on

October 15, 2014.  Complaint at 1–2.

### II.        The Present Action

Plaintiff filed this action *pro se* on October 29, 2014.  His Complaint alleges the Internal

Revenue Service improperly assessed penalties on unpaid taxes and has improperly failed to

correct the errors.  The Complaint lists six Counts.  First, Plaintiff alleges "the United States

Government would be unjustly enriched" if it were permitted to collect the penalty assessed.

Complaint at 3.  Count Two asserts "Incompetence of Internal Revenue Service Officials."

Complaint at 4.  The third count accuses the IRS of failing to carry out its mission statement.  *Id.*

The fourth count alleges a violation of "The Taxpayer Bill of Rights."  *Id.*  Specifically, Plaintiff

claims the IRS failed to "consider facts and circumstances that might affect [his] underlying

liabilities."  *Id.* at 5.  The fifth claim asserts the IRS failed to "follow its own Internal Revenue

Manual" in the procedures it filed to handle Plaintiff's offer of compromise to the IRS.  *Id.*

Finally, Count Six alleges Defendant violated the Freedom of Information Act by failing to

provide Plaintiff with his IRS case file upon his request.  Plaintiff seeks, as a remedy,

compensatory and punitive damages as well as an injunction preventing the collection of the

challenged taxes.[1]

     The Counts in Plaintiff's Complaint do not identify the statutory authority for bringing

Plaintiff's claims.  Defendant, in its Motion to Dismiss, characterizes the first five claims as all

arising under 26 U.S.C. § 7433, and asks this Court to dismiss these claims for several reasons.

First, Defendant argues that these claims are all barred because Plaintiff has failed to exhaust his

administrative remedies.  Defendant next argues that Plaintiff's request for an injunction is

barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).  Third, Defendant asserts that pursuant

to the Administrative Procedure Act this Court may not compel the IRS to accept Plaintiff's

Offer in Compromise.

     Defendant finally argues that Plaintiff's sixth and last claim, which arises under the

Freedom of Information Act, must be dismissed because Plaintiff has failed to exhaust required

administrative remedies.

---

[1] The first paragraph of Plaintiff's Complaint states, "This is an action seeking to enjoy the collection of the taxes which are the subject of this Complaint."  I assume that Plaintiff is actually seeking to *enjoin* the collection of taxes. If in fact Plaintiff is seeking the Court's permission to *enjoy* the collection of taxes, no permission is necessary.

### III.     Discussion

Defendants seek dismissal of the Complaint under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  When evaluating a motion to dismiss based on Rule 12(b)(1), one that challenges the facial sufficiency of the complaint (as opposed to the factual accuracy of the basis for subject matter jurisdiction), the "court may rule on the motion by accepting [the plaintiff's] allegations as true" and then evaluating whether the plaintiff has alleged facts supporting jurisdiction.  *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006).  When evaluating a motion brought under Rule 12(b)(6), the Court "must accept all of the complaint's well-pleaded facts as true," and then go on to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' "  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citations omitted).  The differences between 12(b)(6) motions and 12(b)(1) motions are subtle and sometimes glossed over, but can be important.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 500–02 (2006).

In this case there is some uncertainty about which standard applies to particular aspects of Defendant's arguments.   Specifically, the law may be unsettled as to whether the exhaustion of administrative remedies is a jurisdictional or substantive requirement for a Section 7433 claim.  Defendant's Memorandum in Support of Motion to Dismiss 8 n.3; *Bullock v. I.R.S.*, 602 Fed. App'x. 58, 60 n.3 (3d Cir. 2015) (noting that a recent Supreme Court decision may have superseded the Third Circuit's rule that administrative exhaustion is a jurisdictional requirement).  However, here, as in *Bullock*, the distinction does not affect the outcome of this Motion because Defendant has only challenged the legal sufficiency of the facts alleged in the Complaint.

*1. Exhaustion of Administrative Remedies*

Plaintiff does not reject Defendant's characterization that his requests for damages in Counts One through Five of the Complaint are brought under 26 U.S.C. § 7433. This statute allows taxpayers to bring actions for damages if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). The statute provides that except for certain actions related to liens, the statute is the exclusive remedy for negligent or intentionally wrongful collection actions. *Id.* Section 7433 requires claimants to exhaust administrative remedies before they can bring a claim for damages in court. 26 U.S.C. § 7433(d)(1).

Plaintiff argues he complied with this requirement by filing an Offer in Compromise and Forms 1040X, an Amended Tax Return. I do not find that these forms comply with the IRS's rules for administrative claims. IRS regulations provide precise requirements for making administrative claims that would satisfy 26 U.S.C. § 7433. 26 C.F.R. § 301.7433-1(e); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994) (discussing administrative exhaustion requirements under Section 7433). The regulation requires claimants to send their claim in writing to a particular office within the IRS and to include in the claim certain information, such as a "description of injuries" and a "dollar amount of the claim." 26 C.F.R. § 301.7433-1(e). Plaintiff has not alleged facts showing his Offer in Compromise and Amended Tax Return satisfy those requirements.

In addition, even if Plaintiff had exhausted his remedies, Section 7433 appears to limit monetary remedies to "actual, direct economic damages." 26 U.S.C. § 7433(b). Counts One through Four of the Complaint request punitive damages, which do not appear to be available

under the statute.  Count Five refers to compensatory damages, but the Complaint does not allege

facts showing a plausible basis for those damages.  Therefore, I must conclude that Plaintiff's

claims for damages should be dismissed.

     *2.  Injunctive Relief*

     I must also dismiss Plaintiff's claim for an injunction barring the IRS from collecting

taxes it has assessed against Plaintiff for lack of subject matter jurisdiction.  26 U.S.C. § 7421

prohibits injunctions restraining the assessment or collection of taxes.  "The manifest purpose of

[§] 7421(a) is to permit the United States to assess and collect taxes alleged to be due without

judicial intervention, and to require that the legal right to the disputed sums be determined in a

suit for refund."  *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962).  The statute

deprives federal courts of jurisdiction to hear claims for injunction against the collection of taxes.

*Id.*

     Section 7421 is subject to statutory and equitable exceptions.  One exception permits

courts to enjoin proceedings to collect the particular kind of penalties assessed against Plaintiff—

penalties assessed under 26 U.S.C. § 6672.  To take advantage of this exception, the person

subject to those penalties must pay a certain portion of the penalty and file a claim for a refund.

26 U.S.C. § 6672(c).  An action to collect the penalty may be enjoined pending the outcome of

the claim.  *Id.*  The Supreme Court has also recognized that an injunction may issue "if it is clear

that under no circumstances could the government ultimately prevail."  *Williams Packing*, 370

U.S. at 7.  The Third Circuit explained the exception applies if two conditions are met:

> First, when the facts and law are examined in the light most favorable to the
> government, it must appear that the government cannot prevail on the merits. …
> Second, … there must also be an independent basis for the court to exercise its
> equitable jurisdiction.

*Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986).

Neither the statutory nor equitable exceptions apply in this case. The United States Court of Federal Claims determined in 2013 that Plaintiff had not paid the minimum amount necessary to seek an injunction under 26 U.S.C. § 6672(c). *Roseman v. United States*, 2013 WL 151716, at *2 (Fed. Cl. Jan. 3, 2013). Plaintiff has not offered any facts or argument showing that the court's decision in *Roseman* is not still correct. As for the *Williams Packing* exception, Plaintiff argues that the IRS did not act in good faith and that its assessment of taxes and penalties is incorrect. These allegations are insufficient. The Third Circuit has emphasized "that a Taxpayer's burden under *Williams Packing* is very substantial." *Flynn*, 786 F.2d at 591. A plaintiff "must show that, when the facts and law are viewed in the light most favorable to the Service, it is clear that the Service will be unable to prevail in its contentions … [and] that equitable relief is appropriate." *Id.* I do not express an opinion of the ultimate merits of Plaintiff's argument that the IRS incorrectly assessed penalties, but I also find that Plaintiff's Complaint does not allege facts showing that "under no circumstances could the IRS prevail on the merits of the case." *Zarra v. United States*, 254 Fed. App'x. 931, 934 (3d Cir. 2007). Furthermore, I agree with Defendants that equitable relief is not appropriate given that a statutory exemption to the Anti-Injunction Act would be available if Plaintiff paid the minimum amount of the penalty. *See Roseman*, 2013 WL 151716, at *2; *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir. 1990) (noting "the traditional equity test of having no adequate remedy of law").

### 3. Administrative Exhaustion of Freedom of Information Act Claim

Plaintiff's remaining claim, alleging a violation of the Freedom of Information Act, must also be dismissed for failure to exhaust administrative remedies. Plaintiff asserts he "attempted to receive his entire case file in this matter" from the IRS, but "[t]he entire case file was not

released to the Plaintiff." Complaint at 5. This denial, Plaintiff argues, violated the Freedom of Information Act.

The Freedom of Information Act offers a civil remedy for violations, but only permits injunctive relief. 5 U.S.C. § 552(4)(B). The injunctive remedy also requires claimants to exhaust their administrative remedies before filing suit in federal court. *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993) (citing *Oglesby v. Dept. of Army*, 920 F.2d 57 (D.C. Cir. 1990)). To exhaust administrative remedies, a claimant "must request specific information in accordance with published administrative procedures … and the agency must improperly refuse the request." *Schwartz v. United States Dept. of Justice*, 2007 WL 2916465, *4 (D. N.J. 2007). The IRS has promulgated regulations creating procedures for requesting records. 26 C.F.R. § 601.702 ("Publication, public inspection, and specific requests for records"); Internal Revenue Service, *IRS Freedom of Information*, http://www.irs.gov/uac/IRS-Freedom-of-Information (last visited Apr. 20, 2015). Plaintiff's Complaint merely alleges Plaintiff requested certain documents and did not receive all that he requested. These allegations are insufficient to show that Plaintiff fully pursued a request in accordance with IRS regulations before filing his suit. This claim will be dismissed.

### IV. Conclusion

For the reasons above, Plaintiff's Complaint will be dismissed in its entirety.


            /s/ Gerald Austin McHugh
United States District Court Judge